```
USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 10/30/09
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------x
**Martha Russ Shipping Company Limited,**

            **Plaintiff,**

    -against-

**QC Shipping PTE Ltd, et al.**

            **Defendant.**
------------------------------------------------------------x

08 Civ. 2847 (HB)

**ORDER**

**Hon. Harold Baer, Jr., District Judge:**

    WHEREAS Plaintiff Martha Russ Shipping Company Limited ("Plaintiff") filed its complaint in the above-referenced action on March 18, 2008 that sought entry of an ex parte order of attachment pursuant to Rule B of the Supplemental Admiralty Rules for Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure (the "Rule B Order"); and

    WHEREAS the Rule B Order was entered on March 19, 2008; and

    WHEREAS in light of the U.S. Court of Appeals for the Second Circuit's recent decision in *Shipping Corp. of India, Ltd. v. Jaldhi Overseas Pte. Ltd.*, Nos. 08-3477 & 08-3758, 2009 WL 3319675, at *11 (2d Cir. Oct. 16, 2009), which held that "[b]ecause [electronic funds transfers] in the temporary possession of an intermediary bank are not property of either the originator or the beneficiary under New York law, they cannot be subject to attachment under Rule B," this Court has found that it is in the best interest of the parties to maintain the *status quo* of this case pending the Plaintiff's ability to gather information relating to the nature of funds attached pursuant to the Rule B order, if any; it is hereby

    ORDERED that the Rule B Order is hereby terminated as of the date of this order; and it is further

    ORDERED that, pursuant to the termination of the Rule B Order, no additional funds may be attached pursuant to the Rule B Order pending a further order by this Court; and it is further

    ORDERED that Plaintiff is ordered to show cause by letter (no longer than two pages), to be delivered to Chambers no later than ten (10) days from the date of this Order: (1) why the Rule B Order should not be vacated, (2) why any funds restrained pursuant to the Rule B Order should not be released (e.g., a showing by affidavit or declaration that the funds attached, at the time of attachment, were not electronic funds transfers being processed by an intermediary bank

1

and are otherwise attachable under the principles set forth in *Shipping Corp. of India*), and (3) why if the Rule B Order is vacated and all funds released this action should not be dismissed without prejudice; and it is further

ORDERED that nothing in this Order shall preclude a party from seeking a more narrowly tailored order consistent with Rule B, as construed in *Shipping Corp. of India*, authorizing the process of maritime attachment and garnishment, provided that any further order sought should be for a period no longer than the remaining number of days of effectiveness of the previously issued Rule B Order; and it is further

ORDERED that failure to respond to this Order to Show Cause will result, without further notice to any party, in release of any attached funds and dismissal of this action without prejudice.

SO ORDERED.
October 30, 2009
New York, New York

_____
U.S.D.J.

2